# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Maricela C.,

               Plaintiff,

vs.

Frank J. Bisignano, Commissioner of Social Security,

               Defendant.

2:25-cv-00891-MDC

**ORDER DENYING MOTION TO REMAND (ECF NO. 13)**

Plaintiff filed a *Motion for Remand* (ECF No. 13).  The Court denies the plaintiff's Motion to Remand.

## I.       BACKGROUND

### A.  Summary of the Case

Plaintiff filed a Title II claim for Disability Insurance Benefits for a period of disability and disability insurance benefits, alleging disability beginning June 9, 2021. AR 34. The claim was denied August 8, 2022, and upon reconsideration on March 6, 2023. *AR 99-104, 106-09*. Plaintiff filed a request for hearing on March 16, 2023. *AR 110-11*. An ALJ held a telephone hearing on March 19, 2024. AR 55-73. The ALJ issued an unfavorable hearing decision on May 6, 2024. *AR 28-54*. Plaintiff appealed that decision to the Appeals Council who denied the request for review on March 20, 2025. *AR 1-9*. Plaintiff has exhausted the administrative remedies. This timely civil action followed. The Court has jurisdiction to review the final decision of the Commissioner for substantial evidence and error of law. 42 U.S.C. § 1383(c).

### B. Summary of the ALJ's Decision

The ALJ used the five-step sequential evaluation process to guide the decision. 20 C.F.R. § 416.920. *AR 36*. The ALJ calculated that plaintiff met the status requirements of the Social Security Act through June 30, 2026. *Id*. At step one, the ALJ agreed that plaintiff did not engage in substantial gainful activity since June 9, 2021, the alleged onset date (20 CFR 404.1571 et seq.). *Id*.  At step two, the ALJ found that plaintiff suffered from medically determinable severe impairments consisting of obesity, asthma, COVID-19 pneumonia and sequelae, obstructive sleep apnea (OSA), migraines, osteoarthritis, with symptoms of lumbago and spondylosis. (20 CFR 404.1520(c)). *Id*. At step three, the ALJ decided that the impairments did not meet or equal any "listed" impairment. *AR 40* (citing 20 C.F.R., Part 404, Subpart P, Appendix 1). The ALJ assessed plaintiff as retaining the residual functional capacity ("RFC") to perform the demands of work to perform light work as defined in 20 CFR 404.1567(b) except:

> (1) occasional climbing of all types, (2) frequent stooping, crouching, balancing, or kneeling, (3) occasional crawling, and (4) occasional exposure to dusts, odors, fumes or other pulmonary irritants or dangerous hazards, such as unprotected heights or dangerous machinery.

AR 41 (citing 20 C.F.R. §§ 404.1567(b)).

At step four, the ALJ compared the RFC assessed to the demands of plaintiff's past relevant work and decided that she could not perform that kind of work. *AR 47*. The ALJ classified plaintiff as an individual closely approaching advanced age, on the alleged disability onset date. *AR 48*. The ALJ categorized plaintiff as possessing a marginal education. *Id.* The ALJ treated the question of transferability of skills as not an issue in this case because the claimant's past relevant work is unskilled. *Id.* At step five, the ALJ accepted testimony of a vocational expert that an individual of plaintiff's age, education, work experience, and RFC could perform other work. *AR 49*. The ALJ concluded that plaintiff did not suffer from a disability between June 9, 2021, and the date of the decision. *Id.* The

plaintiff raises two issues: (1) whether the ALJ's committed reversible error in evaluating plaintiff's age under the Medical-Vocational Rules (2) whether the ALJ committed reversible error in evaluating plaintiff's subjective symptoms.

## II.   DISCUSSION

### A.  Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.  Social security plaintiffs have a constitutionally protected property interest in social security benefits.  *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

In assessing a claim, the relevant age is plaintiff's age on the date of the final ALJ decision. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1070-71 (9th Cir. 2010). Social Security regulations place claimants into one of three categories: "younger persons (those persons under age 50), persons closely approaching advanced age (those persons age 50-54), and persons of advanced age (those persons 55 or older)." *Id*. at 1069; see also 20 C.F.R. § 404.1563(b). A borderline situation is created "[w]here a claimant is within a few days or a few months of reaching an older age category." *Id*.

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly

3

erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B. The ALJ Did Not Committee Reversible Error in Evaluating Plaintiff's Age Under the Medical-Vocational Rules**

Plaintiff's main argument is that the ALJ failed to consider her close approximation to age 55 (advance age) based on the representation that plaintiff was 54 years old and 10 months at the time of ALJ's decision. *ECF No. 13 at 5*. But plaintiff was born in July of 1970  (AR 48, 75) and the ALJ's decision was made May 6, 2024. That means that plaintiff was only 53 years old and 10 months at the time of the decision, and not borderline to the 55-year-old advance age bracket. The Court thus finds that the ALJ did not committee reversible error in evaluating plaintiff's age under the Medical-Vocational Rules.

//

**C. The ALJ Did Not Commit Reversible Error in Evaluating Plaintiff's Subjective Symptoms**

The ALJ considered the entire record in detail. See AR 34-49. The plaintiff argues that the ALJ committed reversible error by not addressing or challenging plaintiff's assertion that she can only walk for about 15 minutes. *ECF No. 13 at 6*. The Court finds however that the ALJ sufficiently addressed the issue and did not find plaintiff's assertions consistent with medical evidence. For example, the ALJ found no evidence that plaintiff required a walker, cane, crutches or wheeled mobility device. *AR 40*. Plaintiff's claim about not be able to stand was relative to her plantar fasciitis (AR 42) and the ALJ found that, "[t]he claimant saw podiatry a few times for foot pain, but not since December 2021 (3F), though she did complain of left foot/ankle pain at most recent primary care visit (though this is over two years later), still without evidence of any ongoing significant treatment, nor physical exams showing gait, lower extremity, or neurological deficits." *AR 46*.

The ALJ also found persuasive the opinions of medical consultants, Prianka Gerrish and Phillip Matar, that claimant can do light work. *AR 46 and 48*. Finally, the ALJ found claimant could engage in various physical activity that ostensibly requires claimant to stand for more than 15 mins, e.g., the "claimant is reportedly able to help care for her father, make simple meals daily, maintain self-care, do some cleaning and laundry, with breaks, she can drive, including to doctor's appointments, [and] shop in-store for groceries...." AR 47. The ALJ cited to substantial evidence that undermined petitioner's claims, including treatment records showing normal gait and motor strength. *See, e.g., AR 43, citing to exhibits "2F" and "18F": see AR 444, 448, 452, 456, 971-73, 975-76, and 978 on the instant docket*. The plaintiff has not shown that the ALJ arbitrarily discredited her testimony. The Court finds that the evidence supports the ALJ's assessment. The ALJ's findings are supported by substantial evidence and are therefore entitled to deference.

//

**D. Conclusion**

Plaintiff was only 53 years old and 10 months at the time of the decision, and thus she was not borderline to the 55-year-old advance age bracket. Substantial evidence also supports that ALJ's assessment that plaintiff is not disabled. The ALJ reasonably concluded that plaintiff was not disabled within the meaning of the Social Security Act. The Court affirms the Commissioner's decision.

**IT IS SO ORDERED THAT:**

1.  Plaintiff Maricela C.'s Motion for Remand (ECF No. 13) is **DENIED.**

2.  The Clerk of Court is directed to enter **FINAL JUDGMENT** in favor of Frank J. Bisignano, the Commissioner of Social Security.

3.  The Clerk of Court shall **CLOSE** this case.

It is so ordered.

Date: March 17, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge